UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RICHARD ANTHONY MARTIN,    )
                           )
        Petitioner,        )
                           )
vs.                        )
                           )  Case No. 5:12-cv-1058-CLS-PWG
WARDEN DAVENPORT;          )
ATTORNEY GENERAL FOR       )
THE STATE OF ALABAMA,      )
                           )
        Respondents.       )

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on August 14, 2012,[1] recommending that the petition for writ of habeas corpus be DENIED. On September 4, 2012, petitioner filed objections to the recommendation.[2] The court will treat such filing as a motion, or, in the alternative, as objections to the magistrate judge's report and recommendation.

The magistrate judge recommended that petitioner's § 2254 petition be denied because it is barred by the applicable one-year statute of limitations. The magistrate judge found that the action was untimely filed and was ineligible for statutory tolling, equitable tolling, or tolling under the "actual innocence" or "miscarriage of justice" exception.[3] In

---

[1] Doc. no. 7.

[2] Doc. no. 8.

[3] *See* doc. no. 7.

his objection, petitioner argues that he is eligible for the actual innocence or miscarriage of justice exception.[4]

As stated in the magistrate judge's report and recommendation:

> In order to come within this exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This standard "is demanding and permits review only in the 'extraordinary' case." *Schlup*, 513 U.S. at 327 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). " '[T]o be credible' a gateway claim requires 'new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324). The district court then considers "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327–28 (internal quotation marks and further citation omitted)). "Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 329)). In order to warrant an evidentiary hearing, a petitioner must make "a threshold showing of actual innocence. The timing of the submission is relevant, as is the likely credibility of the affiants." *Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004) (citation omitted).[5]

Petitioner makes two new arguments, which the court will address in turn.

First, petitioner states:

> When I went back for a new Trial a Investegator by the name of Jimmy Morrow took me in the bath room and told me "Martin the boots that

---

[4] Doc. no. 8.

[5] Doc. no. 7, at 5-6 (bracketed alteration in original).

>was in your Trial how do you even know that them was your boots and I said yall are seting me up like that and he said yes we are" but to the Court that is only hear say [sic].[6]

This scenario does not present evidence to meet the actual innocence standard. It is not clear who the investigator is or whether he is at all connected to petitioner's case. Even if Morrow was an investigator or detective on the evidence related to this conviction, petitioner appears to have already presented this evidence to the court and had the court rule it inadmissable as hearsay. This statement does not constitute "new evidence."

>Second, petitioner states:

>1 year later Deputy Mark Maddox the evidence custodian of the last 10 years was arrested and charged with theft of property in the First degree and was found Guilty. This Mark Maddox had all access to the evidence in my case and he was commiting his on [sic] crime before my Trial, during my Trial and after my Trial. His Character is a lie and he was a bad cop and I know Cullman County set me up.[7]

Petitioner seems to suggest that all cases which came before the court during the ten years that Mark Maddox was evidence custodian should be dismissed, without providing any evidence that Maddox's arrest was at all related to the evidence files. The fact that Maddox was arrested for unrelated theft of property while he was the evidence custodian does not prove or even suggest that he was tampering with the case files or committing any crime in relation to them.

---

[6] Doc. no. 8, at 1.
[7] *Id.*

Petitioner has not provided credible evidence which would warrant his eligibility for the actual innocence exception to the statute of limitations. Petitioner has not objected to the magistrate judge's finding that he is similarly ineligible for statutory or equitable tolling. Therefore, petitioner's filing is untimely filed as barred by the applicable one-year statute of limitations.

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. To the extent that the petitioner's filing of September 4, 2012 is construed as interposing objections to the report and recommendation, such objections are due to be and hereby are OVERRULED. To the extent that the petitioner's filing is construed as a motion, it is due to be and hereby is DENIED. Accordingly, the petition for writ of habeas corpus is due to be DENIED. A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 26th day of September, 2012.

_____
United States District Judge